IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CORNELL-DUBILIER ELECTRONICS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ALLIANZ VERSICHERUNGS AG, ASSURANCES GÉNÉRALES DE FRANCE, COMPAGNIE D'ASSURANCES MARITIME AERIENNES ET TERRESTRES, GROUPE CHEGARAY, GROUPE DE LESELEUC, GROUPE DROUOT, L'UNION DES ASSURANCES DE PARIS, LA FONCIERE, LA PRESERVATRICE, PRESERVATRICEFONCIERE, LE CONTINENT HOLDING S.A., L'INDEPENDENCE, MEAD REASSURANCE, MUTUELLE GENERALE FRANCAISE ACCIDENTS, SCOR, SCOR CCR, SCOR FACULT, AND SCOR TRAITE, EMPLOYERS INSURANCE OF WAUSAU, EMPLOYERS MUTUAL CASUALTY COMPANY, GIBRALTAR INSURANCE COMPANY, INSURANCE COMPANY OF FLORIDA, INTERNATIONAL INSURANCE COMPANY, <br><br> Defendants. | ____-cv-____ <br><br><br> **NOTICE OF REMOVAL** |

**NOTICE OF REMOVAL**

Pursuant to 9 U.S.C. §§ 201-205, and 28 U.S.C. §§ 1331, 1441 and 1446, Defendants SCOR Global P&C SE as successor in interest to Societe Commerciale de Reassurance (sued herein as "SCOR", "SCOR CCR", "SCOR FACULT" and "SCOR TRAITE"), Riverstone Insurance (UK) Limited as successor in interest to L'Independence, Mutuelle Generale Francaise Accidents, Generali IARD as successor in interest to Le Continent sued here in as "Le Continent Holding S.A.", Allianz IARD S.A. as successor in interest to Assurances Generale de France,

1

Compagnie D'Assurances Maritime Aeriennes Et Terrestres, and companies sued herein as "La Fonciere", "La Preservatrice" and "PreservatriceFonciere", and AXA Corporate Solutions Assurance as successor in interest to Groupe Drouot and L'Union Des Assurances de Paris (Hereinafter "Removing Defendants") hereby remove the state court action entitled <u>Cornell-Dubilier Electronics, Inc., Plaintiff v. Allianz Versicherungs AG, et al. Defendants</u>, Docket No. MID-L-004460-18 ("the CDE Action") from the Superior Court of New Jersey, Law Division, Middlesex County to the United States District Court for the District of New Jersey.  The grounds for removal are that the claims asserted by CDE against the Removing Defendants arise under certain insurance policies which contain a binding arbitration agreement governed by the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 38 (the "New York Convention"), codified in the United States as Chapter 2 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 201-208.  As such, Removing Defendants have the right to remove this entire action to federal court and thereafter file a motion to stay the action and to compel arbitration pursuant to 9 U.S.C. § 206.

In support of their Notice of Removal, Removing Defendants state that:

1. On July 26, 2018, Cornell-Dubilier Electronics, Inc. ("CDE") filed a Complaint against Removing Defendants and other defendants in the Superior Court of New Jersey, Law Division, Middlesex County. Pursuant to 28 U.S.C. § 1446 (a), a copy of the Complaint is attached hereto as Exhibit A.  On or about August 1, 2018 and thereafter, CDE served Summonses and the Complaint on Removing Defendants by service of process on Mendes & Mount LLP purportedly pursuant to the terms of the Service of Suit clause contained in the Insurance Policies under which CDE seeks relief against Removing Defendants.

2

2.   On or about November 1, 2018, CDE served its Amended Complaint and Jury Demand in the CDE Action on Removing Defendants. A copy of the Amended Complaint and Jury Demand is attached hereto as Exhibit B.

3.   In this action, CDE seeks recovery against the defendants for the defendants' alleged breaches of their obligations under insurance policies allegedly issued or subscribed by the defendants under which CDE claims coverage rights in connection with certain environmental-related claims involving CDE.

4.   The Removing Defendants, are foreign companies incorporated under the laws of France and other foreign countries with their principal places of business in France and elsewhere outside the United States. CDE alleges in its Complaint and Amended Complaint that Removing Defendants of foreign corporations with principal places of business in France and elsewhere outside the United States.

5.   The Removing Defendants severally subscribed one or more policies of excess insurance issued to Exxon Corporation for the period January 1, 1980 through December 31, 1983 identified in Exhibit A to CDE's Complaint and Amended Complaint and described as "NML-1980", "NML-1981", "NML-1982", and "NML 1982-1983" ("NML Policies").

6.   In its Complaint and Amended Complaint CDE alleges that Removing Defendants participated in and agreed to provide coverage under the NML Policies (described in the Complaint as "Exxon Policies"); that the Exxon Policies include various provisions cited by CDE including the Insuring Agreement, "Loss Occurrence" Definition, "Seepage, Pollution and Contamination Coverage Endorsement", and a "Service of Suit Provision"; that CDE is an insured under the Exxon Policies; and that CDE relies on the "Service of Suit" clause to establish personal jurisdiction over the Insurers and to effect service of process on the Insurers.

7. Each of the above described NML Policies contain or incorporate the contract wordings annexed hereto as Exhibits C-1, C-2, C-3, and C-4 ("NML Policy Wording").

8. The NML Policy Wordings include the following arbitration provision:

> In the event of any difference arising between the Insured and the Insurers with reference to this insurance such difference may, at the request of either party (after all requirements of this insurance with respect to recovery of any claim shall have been complied with), be referred to three disinterested arbitrators . . . . Any such arbitration shall take place in New York, N.Y. unless otherwise agreed by both parties, and the expense of arbitration shall be borne and paid as directed by the arbitrators. The arbitrators may abstain from jurisdictional formality and from following strictly the rules of law.

9. The arbitration agreement in the NML Policies upon which Removing Defendants are sued arise out of commercial contracts between the Insured, a United States citizen, and the Removing Defendants, all of whom are foreign insurers. The arbitration agreements therefore fall under the New York Convention, 9 U.S.C. §§201 and 202.

10. Pursuant to 9 U.S.C. §203, the district courts of the United States have original jurisdiction over this action. Specifically, section 203 states:

> An action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States. The district courts of the United States... shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy.

11. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over the claims asserted against defendants who are non-foreign insurers (Employers Insurance of Wausau, Employers Mutual Casualty Company, Gibraltar Insurance Company, and International Insurance Company), because claims against these insurers are so related to claims in the action within such original jurisdiction – and in fact are identical - that they form part of the same case or controversy under Article III of the United States Constitution.

12. Venue in this Court is proper pursuant to 9 U.S.C. § 204 and 28 U.S.C. § 1441(a) (the United States District Court for the District of New Jersey is the "district and division embracing the place where such action is pending,") which here is the Superior Court of New Jersey, Law Division, Middlesex County.

13. Pursuant to the terms of the above-cited arbitration agreement, Removing Defendants have demanded arbitration against CDE. Copies of the demands are attached hereto as Exhibit D.

14. CDE has rejected certain Removing Defendants' demands for arbitration and has not responded to certain other Removing Defendants' demands for arbitration.

15. CDE is obligated to comply with the terms of the arbitration agreements and accede to Removing Defendants' demands for arbitration.

16. Removing Defendants are entitled to remove this action to federal court and then move to stay the action and to compel arbitration

17. This Notice of Removal is timely filed pursuant to 9 U.S.C. § 205, which permits removal "at any time before the trial." Removing Defendants were served with CDE's Summons and Complaint on or about August 1, 2018 or thereafter. Before their time to answer the Complaint was due to expire on November 5, 2018 CDE served its Amended Complaint on November 1, 2018. The defendants' Answers to the Amended Complaint are now not due until November 21, 2018. Removing Defendants will file with this Court a motion to compel arbitration on or before November 21, 2018.

18. Defendant Allianz Versicherungs AG has been dismissed from this action pursuant to a Notice of Dismissal filed by CDE on or about October 18, 2018. A copy of the

5

Notice of Dismissal is annexed hereto as Exhibit E. CDE has removed its allegations against Allianz Versicherungs AG in its Amended Complaint.

19. Plaintiff has filed in state court Affidavits of Service on the following named defendants who were allegedly served with Summonses and the Complaint by service of process on Mendes & Mount LLP on or about August 1, 2018: Insurance Company of Florida; Groupe de Leuseleuc; Mead Reassurance and Groupe Chegaray. Mendes & Mount, LLP is designated as the entity upon whom service of process may be effected on behalf of the insurers subscribing the NML Policies in accordance with the terms of the Service of Suit provision. Mendes & Mount has been unable to contact or verify the current existence of the above companies. Mendes & Mount has determined that Insurance Company of Florida has been liquidated. CDE has removed its allegations against Insurance Company of Florida in its Amended Complaint Further, Mendes & Mount LLP has learned that Groupe de Leseleuc is no longer in business. In addition, Mendes & Mount LLP has information that Groupe Chegaray is no longer in existence, and internet searches and inquiries into French registered insurance companies have failed to yield any information concerning Groupe Chegaray. Lastly, Mendes & Mount's inquiries and research have failed to yield any information regarding Mead Assurance. See, Declaration of Mary Ann D'Amato, annexed hereto as Exhibit F.

20. All remaining named defendants consent to the removal of this action and have or will separately file their consents to the removal from state to federal court.

WHEREFORE, Removing Defendants, pursuant to 9 U.S.C. §§ 201-205, and 28 U.S.C. §§ 1331, 1441, and 1446, respectfully remove the action now pending against them in the Superior Court for the State of New Jersey, Law Division, Middlesex County to this Honorable Court, and request this Court to retain jurisdiction for all further proceedings.

Dated: November 8, 2018

                                                   Respectfully submitted,

                                                   MENDES & MOUNT, LLP

                                                   By: _____

                                                 Lauren Smith, Esq.
                                                 Mendes & Mount, LLP
                                                 750 Seventh Avenue
                                                 New York, NY 10019
                                                 Telephone: (212) 261-8000
                                                 lauren.smith@mendes.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2018, I electronically filed this Notice of Removal with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing to all counsel of record, and copies of the Notice of Removal have also been served on counsel for the parties identified in the attached Service List.

Lauren Smith, Esq.
Mendes & Mount, LLP
750 Seventh Avenue
New York, NY 10019
Telephone: (212) 261-8000
lauren.smith@mendes.com

<u>Service List</u>

<u>CORNELL-DUBILIER ELECTRONICS, INC V.
ALLIANZ VERSICHERUNGS AG. et al</u>

<u>Attorneys for Cornell-Dubilier Electronics, Inc.</u>
Thomas E. Redburn, Esq.
**LOWENSTEIN SANDLER PC**
65 Livingston Avenue
Roseland, NJ 07068-1791
**Fax:** 973-597-2400
**Tel:** 973-597-2456

Jonathan M. Ettinger, Esq.
Euripides Dalmanieras, Esq.
**FOLEY HOAG LLP**
155 Seaport Boulevard
Boston, MA 02210-2600
**Fax:** 617-832-7000
**Tel:** 617-832-1000
<u>jettinger@foleyhoag.com</u>
<u>Edalmani@foleyhoag.com</u>

<u>Attorneys for French Market Insurers and Employers Insurance of Wausau</u>
Mary Ann D'Amato, Esq.
Lauren Smith, Esq.
**MENDES & MOUNT, LLP**
750 Seventh Avenue
New York, New York 10019-6829
**Fax:** 212-261-8750
**Tel:** 212-261-8155
<u>Maryann.Damato@mendes.com</u>
<u>Lauren.Smith@mendes.com</u>

<u>Attorneys for International Insurance Company and Gibraltar Insurance Company</u>
Meg Catalano, Esq.
Jillian G. Dennehy, Esq.
**KENNEDYS CMK**
120 Mountain View Boulevard
P.O. Box 650
Basking Ridge, NJ 07920
**Tel:** (908) 848-6300
<u>jillian.dennehy@kennedyscmk.com</u>
<u>meg.catalano@kennedyscmk.com</u>

**Attorneys for Employers Mutual Casualty Company**
Richard J. Orr, Esq.
William Quackenboss, Esq.
**DILWORTH PAXSON LLP**
2 Research Way
Princeton, NJ 08540
**Tel:** (609) 987-6651
rorr@dilworthlaw.com
wquackenboss@dilworthlaw.com